UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW LASHER, et al., | ) | CASE NO.: 5:11CV1811 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BANK OF AMERICA, N.A., et al., | ) | |
| | ) | |
| | ) | |
| | ) | (Resolves Doc. 8) |
| Defendants. | ) | |

This matter comes before the Court on Plaintiffs' motion to remand (Doc. 8) this matter to the Summit County Court of Common Pleas. The Court has been advised, having reviewed the motion, response, reply, pleadings, and applicable law. For the reasons stated herein, the motion to remand is GRANTED.

**I. Facts**

Plaintiffs, Matthew and Morgan Lasher, filed suit against Defendants, Bank of America, N.A., ("the Bank"), Cutler Realty, Melissa Hackenberg, and First Preston Management, Inc., in the Summit County Court of Common Pleas. A second amended complaint was filed on July 28, 2011, which prompted the matter to be removed by the Bank. On September 22, 2011, Plaintiffs moved to remand the matter, arguing that this Court lacks jurisdiction to entertain the complaint. The Bank responded in opposition, and the Plaintiffs have replied in support. The Court now resolves the motion.

## II. Law & Analysis

Each of the claims raised by Plaintiffs arises under Ohio law.  The sole mention of federal law occurs in the third cause of action titled "Liability Imposed by Operation of Law."  Doc. 1-7 at 8.  Specifically, in paragraph 41 of the second amended complaint, Plaintiffs allege as follows:

> Pursuant [to] the Federal Residential Lead-Based Paint Hazard Reduction Act of 1992, Ohio Revised Code section 5302 et seq., and Title 9, Chapter 94, Article 4 of the Ordinances of the City of Akron, Defendant Bank of America was required to disclose the contamination of the property and to perform certain repairs to the property prior to its purchase by Plaintiffs, Matthew and Morgan Lasher.

Doc. 1-7 at 8.  From this statement, the Bank contends that Plaintiffs have either filed a federal cause of action or presented a substantial federal question.

> Under the substantial-federal-question doctrine, a state law cause of action may actually arise under federal law, even though Congress has not created a private right of action, if the vindication of a right under state law depends on the validity, construction, or effect of federal law.  As an initial proposition, then, the law that creates the cause of action is state law, and original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is really one of federal law.  The mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction, either originally or on removal.  Such jurisdiction remains exceptional and federal courts must determine its availability, issue by issue.  The Supreme Court has developed a standard, through an evolving case line, by which the federal interest in providing a forum for an issue is weighed against the risk that the federal courts will be unduly burdened by a rush of state law cases.
>
> In *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199, 41 S.Ct. 243, 65 L.Ed. 577 (1921), the Supreme Court first acknowledged that federal jurisdiction may exist over an ordinary state-law cause of action where the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable.  … The Supreme Court, raising the jurisdictional question sua sponte, ultimately determined that federal jurisdiction was proper because of the significant federal interest in determination of the

constitutionality of a federal statute. Subsequent cases have narrowed and refined the rule.

*Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565-66 (6th Cir. 2007) (internal citations and quotations omitted). From this framework, a three part test has developed to assist in determining whether a substantial federal question has been presented: (1) the state-law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). The Court now reviews these three prongs.

1. Raising a disputed federal issue

It is apparent from the filings in this matter that the parties dispute whether the Federal Residential Lead-Based Paint Hazard Reduction Act of 1992 ("RLPHRA") creates a duty upon the Bank under the facts as alleged by Plaintiff. Accordingly, this prong weighs in favor of removal.

2. Substantiality of the federal interest

The Sixth Circuit has identified four factors to consider in examining the substantiality of the federal interest:

> (1) whether the case includes a federal agency, and particularly, whether that agency's compliance with the federal statute is in dispute; (2) whether the federal question is important (i.e., not trivial); (3) whether a decision on the federal question will resolve the case (i.e., the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases (i.e., the issue is not anomalous or isolated).

*Mikulski*, 501 F.3d at 570, (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S.Ct. 2121, 2137 (2006). Analysis of these factors compels remand in this matter.

Initially, the Court notes that this case does not involve a federal agency, a factor that weighs in favor of remanding the matter to state court.

In addition, the resolution of the federal question will not be dispositive of the case.  First, numerous pure state law claims have been plead by Plaintiffs.  Furthermore, even the third cause of action will not be resolved by resolution of the federal law.  Plaintiffs have identified three separate statutory sources that they contend created a duty to disclose.  Only one of those three sources sounds in federal law.  "*Christianson* teaches us that, if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist."  *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 153 (4th Cir. 1994) (citation omitted).

Furthermore, the Court finds the reasoning espoused in *Hofbauer v. Northwestern National Bank of Rochester, Minnesota*, 700 F.2d 1197 (8th Cir. 1983) to be persuasive.

> Even though the Hofbauers cannot assert a private cause of action arising under federal law, the federal statutes may create a standard of conduct which, if broken, would give rise to an action for common-law negligence. That is a question of Minnesota law best left to the courts of that State. In *Iconco v. Jensen Construction Co.*, 622 F.2d 1291, 1296 (8th Cir. 1980) we expressly held that a state court "is certainly free to look to the provisions of a federal statute for guidance in applying its longstanding common-law remedies" unless Congress has prohibited the state from looking to the statute's provisions as a standard in determining whether there has been a common-law breach of duty. *Id.* at 1298. The NFIA does not itself create a federal cause of action, but we do not think it prohibits a state court from finding negligence when there has been a violation of the statute. The purpose of the statute is to aid flood victims and lessen federal expenses for flood relief. We do not see how these goals would be frustrated by allowing common-law negligence suits for failure to require flood insurance or notify borrowers that they are buying a home in a high flood-risk area.

*Id.* at 1201.  The Court notes that the issue presented herein is slightly different as the RLPHRA permits a private cause of action.  However, the underlying rationale remains unchanged.  Whether the state of Ohio chooses to look to the RLPHRA for guidance in crafting its common law remedies is a matter best left for the state court.

The Court does note the awkward posture of Plaintiffs' second amended complaint and their reply in support of the motion to remand.  Within the reply, Plaintiffs specifically note that their claim for damages in their third cause of action stems only from a breach of the duty to abate.  Plaintiffs then appear to concede that the federal statute does not create a duty to abate.  While that may certainly suggest that any claim relying upon the RLPHRA may be invalid, this Court need not pass upon that issue.  Instead, given the tangential nature of the federal question presented, remand of this matter is appropriate.

At the same time, the Court finds no grounds for an award of fees with respect to the remand.  Plaintiffs chose to specifically rely upon a federal statute in their amended pleading to support a cause of action.  The Bank, therefore, had a reasonable basis for removing the matter, and the Court will not impose attorney fees related to the remand.

**III. Conclusion**

For the reasons stated herein, Plaintiffs' motion to remand (Doc. 8) is GRANTED.  This matter is REMANDED TO THE SUMMIT COUNTY COURT OF COMMON PLEAS.   IT IS SO ORDERED.


Dated: October 25, 2011                      ____/s/ Judge John R. Adams_____
                                             JUDGE JOHN R. ADAMS
                                             UNITED STATES DISTRICT COURT